# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST DOW, | Case No. 2:22-cv-5017 |
| Plaintiff, | |
| v. | |
| MOTT'S LLP, | |
| Defendant. | |

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, Defendant Mott's LLP by and through its undersigned counsel, hereby removes this case, to this Court from the Court of Common Pleas, Lehigh County. In support of this Notice of Removal ("Notice"), Defendant states as follows:

**I.     PROCESS, PLEADINGS, AND ORDERS**

1. Plaintiff Ernest Dow ("Plaintiff") filed a Complaint (the "Complaint") on October 25, 2022, designated as Case No. 2022-C-2449 in the Court of Common Pleas of Lehigh County. *Plaintiff's Complaint* is attached as Exhibit A.

2. On October 31, 2022, the Court of Common Pleas of Lehigh County assigned the Honorable Melissa T. Pavlack to preside over the matter. *Notice of Judge Assignment* is attached as Exhibit B.

3. Also on October 31, 2022, the Court entered an Order scheduling a Status Conference on February 17, 2023. The *Order* is attached as Exhibit C.

4. Defendant accepted service of the Complaint on November 18, 2022. *Defendant's Acknowledgement of Service* is attached as Exhibit D.

5. The Complaint alleges violations of the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

6. Pursuant to 28 U.S.C. § 1446(a), the attached Exhibits A, B, C, and D constitute all process, pleadings and orders served upon Defendant or filed or received in this action by Defendant.

## II. VENUE

7. Because the Court of Common Pleas of Lehigh County lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 118(a) and 1441(a).

## III. FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

8. This Court has jurisdiction under 28 U.S.C. § 1331, which provides this Court with federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

9. The Complaint includes a cause of action alleging a violation of the Americans with Disabilities Act, 42 U.S.C § 12101. *et. seq*. ("ADA") (Exh. A., Compl. at ¶ 28-30, 35.)

10. Because Plaintiff has asserted a violation of the ADA, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## IV. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

11. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Diversity Of Citizenship Exists

12. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914). Plaintiff alleges that he is a citizen of the Commonwealth of Pennsylvania. *See* Exhibit A, at ¶ 3. Accordingly, Plaintiff is a citizen of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

13. When a party is a partnership, courts must look to the citizenship of all the partners to determine whether the federal district court has diversity jurisdiction. *Swiger v. Allegheny Energy*, 540 F.3d. 179, 182 (3d Cir. 2008).

14. The partners for Mott's LLP are Snapple Beverage Corp. and Nantucket Allserve, LLC. Snapple Beverage Corp. is incorporated in the State of Delaware, and its principal place of business is Texas. A corporation is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Nantucket Allserve, LLC is a Delaware limited liability company. A limited liability company is treated as a citizen of each state in which its members are citizens. *See Zambelli Fireworks Manufacturing Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (explaining that the citizenship of a limited liability company is determined by the citizenship of its members). Natucket Allserve, LLC's sole member is Snapple Beverage Corp., which, as noted above is incorporated in Delaware and has its principal place of business in Texas. Accordingly, Mott's LLP is a citizen of Delaware and Texas for diversity purposes.

15. As a result, there is complete diversity among the parties for purposes of removal.

### B. Amount In Controversy Exceeds $75,000

16. Pursuant to 28 U.S.C. § 1446(c), the Court has jurisdiction if the amount in controversy exceeds the $75,000 jurisdictional requirement. For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

17. In the Complaint, Plaintiff alleges he was terminated from employment in August 2021 based on his alleged disability and request for accommodation and suffered economic damages, including lost wages, lost benefits, and emotional pain and suffering. *See* Exhibit A, at ¶¶ B-D.

18. Plaintiff also seeks liquidated and/or punitive damages. *See* Exhibit A, at ¶ C.

19. Although Defendant disputes the validity of Plaintiff's claims and that he is entitled to any relief, a successful litigant under the Americans with Disabilities Act or the Pennsylvania Human Relations Act, would be entitled to compensatory damages, punitive damages, and reasonable attorney's fees.

20. Thus, based on the categories and potential amounts of damages, and especially attorneys' fees and costs, that Plaintiff seeks for his claim, the amount in controversy would exceed $75,000, though Defendant disputes all liability and denies that Plaintiff will ultimately prevail in recovering any damages whatsoever. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3rd Cir. 2007) (holding that punitive damages add to the amount in controversy); *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1993) (holding that when available under state law, attorneys' fees must be

considered in determining the amount in controversy); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (same).

21. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is a civil action between citizens of different states.

22. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1441(b) and (c), Defendant desires and is entitled to have this case removed from the Court of Common Pleas of Lehigh County to the United States District Court for the Eastern District of Pennsylvania.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

23. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on December 16, 2022, which is within thirty days of service of the Complaint on Defendant.

24. In accordance with 28 U.S.C. § 1446(d), Defendant has filed this Notice with this Court, is serving a copy of this Notice upon counsel for Plaintiff and is filing a copy of this Notice in the Court of Common Pleas of Lehigh County.

25. Defendant reserves the right to submit further evidence supporting this Notice should Plaintiff move to remand.

## V. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant prays that the instant action pending against it in the Court of Common Pleas of Lehigh County, be removed to this Court and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: December 16, 2022

*s/ William J. Leahy*
William J. Leahy (PA # 80340)
Kaleigh Hartigan (PA # 328388)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Tel: (267) 402-3000
Fax: (267) 402-3131
wleahy@littler.com
khartigan@littler.com

*Attorneys for Defendant
Mott's LLP*

# CERTIFICATE OF SERVICE

I, Kaleigh Hartigan, hereby certify that I caused to be served the foregoing **Notice of Filing of Removal of Action**, via email and first-class mail, upon the following:

Matthew D. Miller
Richard S. Swartz
Justin L. Swidler
**SWARTZ SWIDLER LLC**
9 Tanner Street Suite 101
Haddonfield, NJ 08003
*Attorneys for Plaintiff, Ernest Dow*


*s/ Kaleigh Hartigan*
Kaleigh Hartigan


Dated:  December 16, 2022