# EXHIBIT A

**SWARTZ SWIDLER LLC**
Matthew D. Miller, Esq. (ID: 312387)
Richard S. Swartz, Esq. (ID: 80850)
Justin L. Swidler, Esq. (ID: 205954)
9 Tanner Street Suite 101
Haddonfield, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417

| | |
|---|---|
| ERNEST DOW<br>2460 W. Emmaus Ave Apt 7<br>Allentown, PA 18103<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOTT'S LLP<br>7350 Industrial Boulevard<br>Allentown, PA 18106<br><br>　　　　Defendant. | COURT OF COMMON PLEAS<br>OF LEHIGH COUNTY<br><br>　　　2022-C-2449<br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Ernest Dow ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Mott's LLP ("Defendant").

### INTRODUCTION

1.　　Plaintiff has initiated this action to redress Defendant's violations of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Defendant

1

fired Plaintiff due his disability and/or perceived disability and or in retaliation for his requests for reasonable accommodations.

## PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

3. Plaintiff is an adult individual, with an address as set forth in the caption.

4. Defendant is a business entity that does business in Pennsylvania at the above captioned address.

5. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. On or around March 20, 2021, Plaintiff suffered serious injuries to his back and both legs (hereinafter Plaintiff's "Disability").

8. As a result, Plaintiff's Disability causes him to walk with a noticeable limp.

9. Plaintiff's doctor prescribed him medications to take on an as-needed basis for pain caused by his Disability.

10. On or around June 7, 2021, Defendant hired Plaintiff as a Forklift Operator.

11. Upon his hiring, Plaintiff informed Warehouse Supervisor Cody Logan (hereinafter "Supervisor Logan") and Lead Chris (Last Name Unknown) ("hereinafter "Lead Chris") of his Disability.

12. Additionally, Plaintiff's coworkers knew about his Disability as Plaintiff openly discussed it when people would ask him about his limp.

2

13. On or around the early morning of August 9, 2021, on which Plaintiff was due to report to work at 6:00 am, Plaintiff experienced a flare-up of his Disability.

14. As a result, Plaintiff called Defendant's automated call-out line and stated he woke up in the middle of the night in pain due to his Disability and could not report to work due to medication he took to relieve the pain caused by the flare-up of his Disability.

15. By the following morning, Plaintiff's pain from the flare-up of his Disability had not subsided, so Plaintiff called Defendant's automated call-out line and stated that he needed to take off an additional day due to his Disability's symptoms.

16. Shortly thereafter, Supervisor Logan contacted Plaintiff and fired him.

17. Supervisor Logan told Plaintiff that Defendant allegedly terminated him due to him calling out after the start of his shift, which Supervisor Logan stated Defendant considered to be a "no call/no show."

18. Plaintiff explained to Supervisor Logan that he had called out of work due to his Disability and that the medication he took for his Disability, which prevented him from working.

19. Supervisor Logan then told Plaintiff that there was nothing he could do since Plaintiff allegedly exceeded his attendance points.

20. However, Defendant had never previously warned or disciplined Plaintiff for attendance and did not have a zero tolerance policy of terminating employees who exceeded the attendance points limit.

21. In reality, Defendant fired Plaintiff because he suffered from a disability and/or a perceived disability, and or due to Plaintiff's requests for reasonable accommodations, and/or to prevent Plaintiff from taking medical leave in the future.

22. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT I
### Violation of the ADA
### (Disability Discrimination)

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the ADA.

25. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

26. The ADA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability or perceived disability.

27. Discrimination against an employee because they have a disability constitutes disability discrimination under the ADA.

28. Defendant violated Plaintiff's rights under the ADA by refusing to provide him protection for his medically necessary leaves.

29. Defendant violated Plaintiff's rights under the ADA by firing Plaintiff because he had taken leave due to his Disability.

30. Defendant violated Plaintiff's rights under the ADA by firing Plaintiff because he suffered from a disability.

31. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violation of the ADA
### (Failure to Accommodate)

32. The foregoing paragraphs are incorporated herein as if set forth in full.

4

33. Plaintiff requested a reasonable accommodation in that he sought time off from work related to his Disability.

34. Defendant could have granted Plaintiff the aforementioned accommodation without undue hardship but failed to do so.

35. Defendant violated the ADA when it failed to provide reasonable accommodations for his disability.

36. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
## Violation of the ADA
### (Retaliation)

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Plaintiff requested a reasonable accommodation from work due to a disability.

39. Requesting an accommodation for a disability is a protected activity under the ADA.

40. Defendant fired Plaintiff because Plaintiff requested a reasonable accommodation.

41. Defendant violated the ADA when it fired Plaintiff because he requested a reasonable accommodation for his disability.

42. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
## Violation of the PHRA
### (Disability Discrimination)

43. The foregoing paragraphs are incorporated herein as if set forth in full.

5

44. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the PHRA.

45. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

46. The PHRA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability or perceived disability.

47. Discrimination against an employee because he has a disability constitutes disability discrimination under the PHRA.

48. Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff because he had taken leave due to his Disability.

49. Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff because he had a disability.

50. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT V
### Violation of the PHRA
### (Failure to Accommodate)

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. Plaintiff requested a reasonable accommodation in that he sought time off due to his disability.

53. Defendant could have granted Plaintiff the aforementioned accommodation without undue hardship but failed to do so.

54. Defendant violated the PHRA when it failed to provide reasonable accommodations for his disability.

55. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VI
## Violation of the PHRA
### (Retaliation)

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. Plaintiff requested a reasonable accommodation from work due to a disability.

58. Requesting a reasonable accommodation for a disability is a protected activity under the PHRA .

59. Defendant fired Plaintiff because Plaintiff requested a reasonable accommodation.

60. Defendant violated the PHRA when it fired Plaintiff because he requested a reasonable accommodation for his disability.

61. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, need for a reasonable accommodation, and/or need for protected medical leave;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate,

7

malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

   D.  Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

   E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

   F.  Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
9 Tanner Street Suite 101
Haddonfield, NJ 08033
(856) 685-7420
(856) 685-7417 - Facsimile

Dated: October 25, 2022