IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST DOW, | Case No. 5:22-cv-05017 |
| Plaintiff, | |
| v. | |
| MOTT'S LLP, | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Mott's LLP., by and through its undersigned counsel, answers the Complaint of Plaintiff Ernest Dow as follows:

**INTRODUCTION**

1.  Admitted in part; denied in part. Mott's admits Dow purports to proceed as stated. Mott's denies Dow's claims have any merit. Any remaining averments in Paragraph 1 are denied.

**PARTIES**

2.  Mott's incorporates its response to the foregoing paragraphs as if set forth herein in full.

3.  Admitted in part; denied in part. Mott's admits Dow is an adult individual. Mott's is without knowledge or information sufficient to form a belief as to Dow's current address and therefore, the remaining allegations in this paragraph are deemed denied.

4.  Admitted.

5.  The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, they are denied.

## FACTUAL BACKGROUND

6. Mott's incorporates its responses to the foregoing paragraphs as if set forth herein in full.

7. Mott's is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are deemed denied.

8. Mott's is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are deemed denied.

9. Mott's is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are deemed denied.

10. Admitted.

11. Denied.

12. Denied.

13. Admitted in part; denied in part. Mott's admits Dow was due to report to work at 6:00 am on August 9, 2021. Mott's is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, they are deemed denied.

14. Admitted in part; denied in part. Mott's admits Dow called Mott's automated call-out line. The remaining allegations in this paragraph are denied.

15. Admitted in part; denied in part. Mott's is without knowledge or information sufficient to form a belief as to whether Dow had a flare-up of his alleged disability. Mott's admits Dow called Mott's automated call-out line the next day. The remaining allegations in this paragraph are denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT I
## Violation of the ADA
### (Disability Discrimination)

23. Mott's incorporates its responses to the foregoing paragraphs as if set forth herein in full.

24. The allegation in this paragraph is a conclusion of law to which no response is required.

25. The allegation in this paragraph is a conclusion of law to which no response is required.

26. The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is deemed necessary, Mott's denies that it violated the ADA or otherwise discriminated against Dow because of any alleged or perceived disability.

27. The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is deemed necessary, Mott's denies that it violated the ADA or otherwise discriminated against Dow because of any alleged or perceived disability.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT II
### Violation of the ADA
### (Failure to Accommodate)

32. Mott's incorporates its responses to the foregoing paragraphs as if set forth herein in full.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT III
### Violation of the ADA
### (Retaliation)

37. Mott's incorporates its responses to the foregoing paragraphs as if set forth herein in full.

38. Denied

39. The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is deemed necessary, Mott's denies Dow requested an accommodation of a disability or that he otherwise engaged in any protected activity.

40. Denied.

41. Denied.

42. Denied.

## COUNT IV
### Violation of the PHRA
### (Disability Discrimination)

43. Mott's incorporates its responses to the foregoing paragraphs as if set forth herein in full.

44. The allegation in this paragraph is a conclusion of law to which no response is required.

45. The allegation in this paragraph is a conclusion of law to which no response is required.

46. The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is deemed necessary, Mott's denies that it violated the PHRA or otherwise discriminated against Dow because of any alleged or perceived disability.

47. The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is deemed necessary, Mott's denies that it violated the PHRA or otherwise discriminated against Dow because of any alleged or perceived disability.

48. Denied.

49. Denied.

50. Denied.

## COUNT V
## Violation of the PHRA
## (Failure to Accommodate)

51. Mott's incorporates its responses to the foregoing paragraphs as if set forth herein in full.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT VI
## Violation of the PHRA
## (Retaliation)

56. Mott's incorporates its responses to the foregoing paragraphs as if set forth herein in full.

57. Denied.

58. The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is deemed necessary, Mott's denies Dow requested an accommodation of a disability or that he otherwise engaged in any protected activity.

59. Denied.

60. Denied.

61. Denied.

WHEREFORE, Mott's states Dow has failed to allege any viable claim, and therefore, is not entitled to any recovery.

## **AFFIRMATIVE DEFENSES**

1. Dow has failed to state a claim upon which relief may be granted.

2. Mott's exercised reasonable care to prevent and correct promptly any discrimination or retaliation, and Dow unreasonably failed to take advantage of the preventative and corrective opportunities provided or to avoid harm otherwise.

3. Any damages suffered by Dow were proximately caused by his own conduct and not the conduct of Mott's.

4. Mott's took reasonable steps to comply with antidiscrimination laws and any acts in violation of the statutes were in contravention of its good faith efforts to comply.

5. Dow failed to mitigate his damages, and Mott's is entitled to an offset to the extent of any mitigation.

6. At all times, Mott's acted reasonably and in good faith.

7. Dow's claims are barred, in whole or in part, to the extent that he has failed to fully exhaust his administrative remedies.

8. Dow's claims are barred to the extent he did not comply with the applicable statute of limitations.

Respectfully submitted,

Dated: December 21, 2022

*/s/ William J. Leahy*
William J. Leahy, Bar No. 80340
Kaleigh Hartigan, Bar No. 328388
wleahy@littler.com
khartigan@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
Telephone:   267.402.3000
Facsimile:    267.402.3131

*Attorneys for Defendant*
*MOTT'S LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2022, the foregoing document was filed using the court's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/Kaleigh Hartigan*
Kaleigh Hartigan
